1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11 | SOUNDEXCHANGE, INC., a
Delaware corporation.

12

Plaintiff,

13

14 v.

15 LIVEONE, INC., a Delaware
corporation & SLACKER, INC., a
16 Delaware corporation.

17 Defendants.

18

19

CASE NO.  2:22-CV-04410-AB-AFM

**ORDER DENYING DEFENDANTS'**
*EX PARTE* **APPLICATION**

20       Before the Court is Defendants LiveOne, Inc. and Slacker, Inc.'s

21 ("Defendants") *ex parte* application to either (1) set aside the default and default

22 judgment; or (2) shorten time to hear defendants' motion to set aside default and

23 vacate the judgment and stay the consent order; and to convene a status and

24 mandatory settlement conference (Dkt. No. 30).  Plaintiff SoundExchange, Inc.

25 ("Plaintiff") filed an opposition on October 25, 2022, pursuant to the Court's order

26 (Dkt. No. 32).  For the foregoing reasons, Defendants' application is **DENIED.**

27 //

28

1.     **BACKGROUND**

Plaintiff sued Defendants to recover unpaid royalties.  Plaintiff filed its Complaint on June 28, 2022 and served Defendants on July 15, 2022.  (*See* Dkt. Nos. 17, 18.)  The Parties entered a stipulation to allow Defendants to respond by August 18, 2022.  (Dkt. No. 19.)  No response was filed.  On August 23, 2022, the Court issued an Order to Show Cause for lack of prosecution.  (Dkt. No. 20.) Plaintiff moved for Entry of Default on September 6, 2022, which discharged the Order to Show Cause.  (Dkt. Nos. 21, 23.)  The Court entered default on September 8, 2022.  (Dkt. No. 22.)  That same day, Defendant filed a motion to extend the time to file an answer, indicating Plaintiff did not oppose the motion.  (Dkt. No. 24.) However, because default had already been entered, the Court struck the motion and recommended the parties to file a joint motion or stipulation to set aside the default.

A month later, on October 12, 2022, the Court received a stipulation signed by both parties, that represented: "Plaintiff SoundExchange, Inc. ("Plaintiff" or "SX") and Defendants LiveXLive Media Inc. ("LiveXLive") and Slacker, Inc. ("Slacker," and together with LiveXLive, "Defendants") hereby stipulate and *move this Court for entry* of a Consent Judgment."  (Dkt. No. 27 at 1) (emphasis added). Based on the representation that parties jointly moved for entry of consent judgment, the Court entered consent judgment. Defendants now claim that the consent judgment is improper.

2.     ***Ex Parte* Relief**

Ex parte applications are solely for extraordinary relief and are rarely granted. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995).  The noticed motion procedure employed in this Court is important.  *Id.* at 491.  It ensures that the parties, and the Court, have sufficient time to thoroughly address the issues.  *Id.*  Serious fairness concerns arise when a party skips those procedures and forces an opposing party to prepare an opposition to substantive legal issues in a single day.  *Id.* at 490.

1      Because the noticed motion procedures are so critical, an applicant for *ex*
2  *parte* relief must make two preliminary showings before the Court even addresses
3  the substance of the application.  *Id.* at 492.  First, the applicant must show that it
4  will be irreparably prejudiced if its applications is heard according to regular noticed
5  motion procedures.  *Id.*  Second, the applicant must establish that it is without fault
6  in creating the urgency that necessitates *ex parte* relief.  *Id.*

7      Defendants have alleged that the Court's Consent Judgment will place
8  defendants in default on its $7 million senior secured promissory note and $15
9  million senior subordinated secured convertible note, which will "trigger the entire
10  outstanding amount and unpaid interest of the two notes to be immediately due."
11  Defendants argue that the "repercussions will be devastating to LiveOne, its
12  employees, and to its creditors."  (Appl. at 13.)   Additionally, Defendants argue that
13  they are not at fault, as counsel has acted in good faith to negotiate with Plaintiff's
14  counsel to set aside the default and allow Defendants to answer.  (*Id.* at 14.)
15  Defendants, however, have failed to explain what balance is actually due, whether
16  Defendants' creditors have elected to require immediate payment, or how the
17  repercussions will actually impact its business or livelihood.  Although Defendants'
18  explanation is lacking in detail, the Court will nevertheless reach the merits of the
19  motion.

20          3.    **Default Judgment**

21      Defendants move to vacate the default and default judgment, when in fact no
22  default judgment has been entered.  Rather, the Court entered judgment based on the
23  parties' signed stipulation, which represented that both parties were moving for
24  entry of Consent Judgment.  The Court cannot grant the specific relief requested
25  because the alleged problem does not exist.  For that reason, the motion must be
26  denied to the extent it seeks to vacate a default judgment.

27          4.    **Consent Judgment**

28      Defendants attack the consent judgment on three bases: (a) the Consent

1  Judgment violates Rule 54, (b) the request for entry of judgment was inadequate,
2  and (c) the Court should have conducted a hearing under Rule 55(b)(2).

3              **a.    Rule 54**

4         Defendants argue that the Consent Judgment violates Fed. R. Civ. P. 54(b),
5  because it does not dispose of all causes of action in the Complaint, and does not
6  "expressly determine[] that there is no just reason for delay" for resolving only one
7  cause of action.  (Appl. 19-20.)   Defendants are incorrect.  The Complaint seeks
8  compensatory damages based on three causes of action: (1) Underpayment of
9  Statutory Royalties in violation of 37 C.F.R. § 380.2, 37 C.F.R. § 380.3, 37 C.F.R. §
10  380.10, and 17 U.S.C. § 114(f)(3)(B); (2) Non-Payment of Statutory Royalties in
11  violation of 37 C.F.R. § 380.6; and (3) Breach of Contract under the Royalty
12  Payment Plan Agreement.  (*See generally* Compl.)  As Plaintiff points out, the
13  Consent Judgment disposes of all causes of actions, as the damages "represents the
14  amount of statutory license and/or other royalties Defendants failed to make
15  following the parties' Royalty Payment Plan Agreement" and are intended to "cure"
16  Defendant's non-payment of "statutory license payments since approximately
17  2017."  (Consent Judgment at 2.)  A final judgment is one that "disposes of a
18  complete claim for relief or all the claims of a party."  *In re Frontier Properties,*
19  *Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992).  Because there is no additional relief that
20  could be afforded based on the Complaint's allegations, the Consent Judgment
21  disposes of all causes of action.

22              **b.    Rule 60**

23         Defendants further argue that Consent Judgment based on the stipulation was
24  improper.  Because Defendants are seeking relief from the judgment entered, the
25  Court considers this motion under Fed. R. Civ. P. 60(b), which permits relief from
26  final judgments, orders, or proceedings.  Defendants cite to Rule 60(b)(1) as support
27  for its argument that the Court should vacate default and default judgment.
28  However, because the judgment at issue is a consent judgment, the Court finds

60(b)(1) inapplicable.  Defendants cannot argue that the judgment is a result of "excusable neglect" or that it is "without fault," when the judgment was entered pursuant to stipulation that Defendants negotiated for and assented to.  Thus, absent a showing of clear and convincing evidence that the consent judgment was the result of fraud or misconduct, or that any other "extraordinary circumstance" would warrant setting aside the judgment, there is no basis for setting aside the Consent Judgment.  Fed. R. Civ. P. 60(b)(3); *United States v. Estate of Stonehill*, 660 F.3d 415, 443-44 (9th Cir. 2011) (fraud must be "established by clear and convincing evidence."); *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) (60(b)(6) is reserved for "extraordinary circumstances").

Defendants have not attacked the validity of the stipulation, such as by arguing it was fraudulently procured.  Rather, Defendants argue that the consent judgment is improper based on the stipulation because "Plaintiff must provide the Court with the terms and conditions *permitting Plaintiff's filing the stipulated judgment* and the evidence to substantiate the satisfaction of those terms and conditions," and attacks the sufficiency of Plaintiff's supporting declaration.  (Appl. at 20) (emphasis added).  Notably, Defendants have not argued that Plaintiff was not entitled to file the stipulation; their contention is that Plaintiff was required to demonstrate in its accompanying declaration that it was entitled to file the stipulation – that Defendants had defaulted on the terms of the Royalty Payment Plan Agreement.  The Court disagrees.

Defendants seem to base their argument on the language of the stipulation, which states in relevant part:

"The Parties further agreed that *should* Defendants default upon the terms of the Royalty Payment Plan Agreement, SoundExchange *will be entitled* to file this Stipulated to Entry of Consent Judgment and Consent Judgment with the Court for approval and entry, without

1   objections from Defendants . . . . The precise amount of the Judgment

2   will be established by the Declaration of counsel for SoundExchange

3   explaining how much of the Payment remains unpaid, plus the amount

4   of any statutory license or other royalties Defendants failed to make

5   following the parties' Royalty Payment Plan Agreement and any

6   associated and/or unpaid late fees, filed contemporaneously with the

7   Stipulation to Entry of Consent Judgment and Consent Judgment"

8   (Dkt. No. 27, at 2) (emphasis added).  The stipulation does not require that the

9   declaration must "include an authenticated copy of the RPPA [or] any facts

10  addressing Plaintiff's satisfaction of all terms and conditions for entry of the

11  Consent Judgment."  (Appl. at 20.)   Plaintiff's declaration lays out the facts

12  specified by the parties' stipulation: how much remains unpaid, (*see* Dkt. No. 27-1,

13  Decl. of C. Wiener at ¶ 9), plus the amount of any statutory license fees and

14  associated fees, *id.* ¶ 10.  Therefore, Plaintiff has complied with the terms of the

15  stipulation.

16      Additionally, Defendants have not pointed to any authority indicating that a

17  parties' stipulation and joint motion for consent judgment requires that level of

18  detail.  When entering a consent judgment, "a district court must be satisfied that it

19  is at least fundamentally fair, adequate and reasonable," and "conform[s] to

20  applicable laws."  *U.S. v. State of Or.*, 913 F.2d 576, 580 (9th Cir. 1990); *see also In*

21  *re Berr*, 172 C.R. 299, 307 (9th Cir. 1994) (facts of a "consent or stipulated

22  judgment" were important to determine collateral estoppel, not the validity of the

23  judgment).  Because Defendants signed the stipulation, and in fact do not dispute the

24  amount of money Plaintiff is entitled to, (*see* Appl. at 10), the Court finds the

25  judgment is fair, adequate, and reasonable.  Thus, Defendants have not

26  demonstrated that the Consent Judgment should be set aside.

27          c.    **Rule 55(b)(2)**

28      Defendants argue that the Court should have conducted a hearing under Fed.

R. Civ. P. 55(b)(2) to obtain an accounting and other evidence to substantiate the seven-figure amount in damages in the Consent Judgment.  Defendants are incorrect.  Rule 55 governs default judgments.  As previously stated, the Consent Judgment is not a default judgment.  Therefore, Rule 55 is inapplicable.

5.   **CONCLUSION**

Accordingly, Defendants' *Ex Parte* Application is **DENIED**.


Dated:  November 16, 2022

_____
ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE